UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL APATOW, | : | CIVIL NO. |
| | : | |
| PLAINTIFF | : | |
| | : | |
| VS. | : | |
| | : | |
| THE TOWN OF STRATFORD, | : | |
| ROBERT MCGRATH, RONALD ING, | : | |
| and LAURA HOYDICK, | : | |
| | : | |
| DEFENDANTS. | : | DECEMBER 20, 2021 |

## C O M P L A I N T

### COUNT ONE

1.  This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the laws of the United States and the State of Connecticut.  The defendants subjected the plaintiff to, inter alia, hostile work environment, disparate treatment and retaliation, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 et seq, as amended; the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq; and the rights to equal protection and due process, secured to the plaintiff by the provisions of the United States Constitution, before the Court pursuant to 42 U.S.C.A.§ 1983.

The defendants further subjected the plaintiff to unlawful termination and to the intentional infliction of emotional distress, in contravention of the laws of the State of Connecticut, invoked pursuant to the Court's supplemental jurisdiction.

The defendant Town of Stratford has incurred municipal liability for the constitutional violations of the individual defendants.

2.   Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.  The laws of the State of Connecticut are invoked pursuant to the Court's supplemental jurisdiction.

3.   The defendants recklessly, intentionally and maliciously discriminated against the plaintiff and treated him differently from similarly situated employees who had not complained about unlawful conduct.  The defendants' treatment of the plaintiff was due to or motivated by plaintiff's disability or perceived disability, or in retaliation for his complaints about unlawful conduct.

4.   At all times mentioned herein, the plaintiff, Michael Apatow, was and is an adult resident of Milford, Connecticut, and was employed by the defendant Town of Stratford as a Firefighter in defendant Town of Stratford's Fire Department.

5.   At all times referenced herein, the defendant Town of Stratford was and is a municipal corporation as defined by Connecticut law.

6.   At all times referenced herein, the defendant Robert McGrath was the Chief of the Fire Department of the defendant Stratford.  The defendant is sued individually and in his official capacity as Chief of the Fire Department of defendant Stratford.

7.  At all times relevant to the instant Complaint, the defendant Ronald Ing was an officer, employee or agent of the defendant Town of Stratford, holding the position of Human Resources Director of the defendant Stratford.  As such, the defendant Stratford has accepted, adopted and/or ratified the actions of the defendant Ing as its own, thereby incurring liability therefor.  The defendant is sued individually and in his official capacity as the Human Resources Director of the defendant Stratford.

8.  At all times referenced herein, the defendant Laura Hoydick was Mayor of the defendant Town of Stratford.  The defendant is sued individually and in her official capacity as Mayor of defendant Town of Stratford.

9.  At all times relevant to the instant complaint, the defendant Hoydick was the highest policy setting official of the defendant Town of Stratford.

10.  At all times relevant to the instant Complaint, the defendant Hoydick was an officer, employee or agent of the defendant Town of Stratford.  As such, the defendant Stratford has accepted, adopted and/or ratified the actions of the defendant Hoydick as its own, thereby incurring liability therefor.

11.  The plaintiff was employed by the defendant as a Firefighter since 2005, until the date of his termination.

12.  The plaintiff's abilities as a Firefighter are exemplary.  During the course of his thirteen year tenure, the plaintiff participated in many hazardous and stressful rescues, including emergency events in which fatalities have occurred.

13.   The plaintiff has received a number of unit citations, other awards and favorable documentation for his conduct as a Firefighter for the defendant Stratford's Fire Department.

14.   Further, the plaintiff has organized and engaged in public charitable events to raise money for a fallen Firefighter within the defendant Stratford's Fire Department.

15.   For a protracted period of time, however, the defendants and each of them permitted a hostile work environment to exist, and engaged in a pattern of unfair and unwarranted discipline, harassment, unequal treatment, punishment and persecution of the plaintiff.

16.   The working environment of the defendant Stratford's Fire Department is exceedingly hostile and intimidating.

17.   The culture of the Department is one which includes frequent bullying, teasing, profanity, racist and other derogatory name calling.  Frequent heated arguments occur, which are both threatening and have become physically violent.

18.   This conduct is known to and condoned by the defendants.

19.   Defendant Fire Chief McGrath has admitted under oath that arguments among Firefighters occur in the Firehouse and that these arguments get heated from time to time.  Defendant McGrath also admitted that during these arguments Firefighters have engaged in name calling, finger pointing at one another, and that

Firefighters have gotten physical with one another during the course of these arguments.

20.   Defendant Fire Chief McGrath has admitted that none of those instances, prior to the plaintiff, resulted in any discipline being administered.

21.   Kevin Lantowski (hereinafter "Lantowski") is a Fire Lieutenant with the defendant Stratford's Fire Department.  Lantowski has been with the Stratford Fire Department for twenty-one years and has served as a Lieutenant for over ten years. Lantowski is an supervisory officer, employee or agent of the defendant Town of Stratford.  As such, the defendant Stratford has accepted, adopted and/or ratified the actions of Lantowski as its own, thereby incurring liability therefor.

22.   Lantowski admitted that in his twenty-one years of experience with the Fire Department he has witnessed numerous heated arguments among Firefighters where voices were raised, fingers pointed, and Firefighters getting into each other's face, confronting one another.

23.   Lantowski admitted that in all of the instances where he has observed Firefighters engaged in such confrontation, not one was disciplined prior to the defendants disciplining the plaintiff.

24.   Such conduct was well know to the colleagues of the plaintiff, as well as his supervisors.  It was equally well know that the defendants permitted such conduct to occur and continue unpunished.

25.   This environment led to the plaintiff being injured in the Firehouse due to the anger of another Firefighter.  On this occasion, a fellow Firefighter threw a wooden cutting board at the plainitiff in a frisbee-like.  The board struck the plaintiff in the ribs, causing him to buckle over and to have the wind knocked out of him.

26.   The plaintiff complained about this assault to his supervisor, and stated that he wanted to make a formal, written complaint about the matter. The Lieutenant took the plaintiff to see the Assistant Chief. The plaintiff reported the incident and told the Assistant Chief that he wanted to file a formal complaint. The Assistant Chief refused, and stated to the plaintiff, "Why don't you guys just go out back and fight, fight it out."

27.   No discipline was imposed upon the assaultive Firefighter, no formal complaint was permitted and no steps whatsoever were taken to address the hostile work environment.

28.   On numerous occasions, the plaintiff complained to the defendants about the hostile work environment, harassment, and racist behavior directed at him, and about the physical and psychological distress he was experiencing.

29.   Previously, the plaintiff complained to the defendants that he was the subject of outrageous racial abuse, in reference to his girlfriend's black son.

30.   The plaintiff complained about and made the defendants aware that he was experiencing, inter alia,  Post Traumatic Stress Disorder and cardiac distress.

31.  As a result of his vocal and protected complaints, the defendant McGrath
ordered supervisors, including one or more Lieutenants and Deputy Chiefs to watch the
plaintiff, and to scrutinize him more closely than other Firefighters.  Pursuant to this,
written reports were made about the plaintiff and provided to the defendant Chief and
other supervisors.  In one such report, the Supervisor discussed the concern of the
defendants that the plainitff was likely to commence litigation against the defendant
Town of Stratford.

32.  After having made his protected complaints and in retaliation therefor, the
defendants terminated the plaintiff, on December 20, 2018.

33.  The plaintiff was terminated allegedly for becoming upset with another
Firefighter who mistreated and hid essential components of the plaintiff's fire safety
gear.  During that time, another Firefighter inserted himself into the situation, and
cornered the plaintiff, to threaten and intimidate him, forcing him to defendant himself.

34.  The other Firefighters involved would not have acted in such a physically
and verbally threatening manner, nor acted with such callous disregard of the plaintiff
as to tamper with his lifesaving safety gear, had it not been for the reckless or
intentional conduct of the defendants in allowing such misconduct to occur and
continue in the workplace.

35.  For the first time ever, a Firefighter was disciplined and terminated for
involvement in a workplace altercation.

36.  Prior to this event, other Firefighters were involved in altercations leading to injury and property damage, and no discipline was imposed upon them by the defendants.  Indeed, the plaintiff himself was attacked with a cutting board, as stated, and no discipline was imposed.

37.  In October, 2018, one Firefighter broke the ribs of another Firefighter, who was forced to take sick time off from work.  No discipline was imposed in that instance.

38.  In another instance, one Firefighter threw another into a wall of the Firehouse, causing damage thereto.  Neither Firefighter was terminated.

39.  In addition to terminating the plaintiff, the defendants demanded the arrest and investigation of the plaintiff by the Stratford Police Department, and subjected him to criminal prosecution in a public courtroom.

40.  In addition to no other employee ever having been terminated for alleged workplace violence, no other employee was subjected to arrest, criminal investigation and prosecution pursuant to a termination.

41.  The defendants McGrath, Ing and Hoydick demanded the arrest and investigatio of the plaintiff and orchestrated and participated in the unlawful termination of the plaintiff.

42.  The actions of the defendants as stated herein were intentional or reckless, and involve malice, ill will, spite, wilfulness, wantonness or the intent to injure the plaintiff.

43.  The conduct of the defendants constitutes violation of the plaintiff's rights to equal protection and due process, secured to the plaintiff by the provisions of the United States Constitution

44.  As a direct and proximate result of the acts of the defendants, the plaintiff has suffered, continues to and will into the future suffer severe financial harm and loss, loss of employment rights, duties, obligations or benefits, severe emotional distress, loss of personal and professional reputation, humiliation, embarrassment, loss of privacy, upset, anxiety, inconvenience, physical harm, loss of property, and loss of employment opportunities.

**COUNT TWO**

1 - 43.  Paragraphs 1 through 43 of Count One are hereby made Paragraphs 1 through 43, respectively, of Count Two.

44.  The actions of the defendant Town of Stratford constitute wrongful termination in violation of public policy.

45.  As a direct and proximate result of the acts of the defendant, the plaintiff has suffered, continues to and will into the future suffer severe financial harm and loss, loss of employment wages, rights, duties, obligations or benefits, severe emotional distress, loss of personal and professional reputation, humiliation, embarrassment, loss of privacy, upset, anxiety, inconvenience, physical harm, loss of property, and loss of employment opportunities.

**COUNT THREE**

1 - 43.  Paragraphs 1 through 43 of Count One are hereby made Paragraphs 1 through 43, respectively, of Count Three.

44.  The defendant Town of Stratford failed, refused or neglected to distribute policies related to workplace violence, workplace rules and workplace regulations to members of the defendant Stratford's Fire Department, including the defendants, the plaintiff and all other members, officers, employees and personnel of the Department.

45.  The defendant Town of Stratford failed, refused or neglected to inform, educate or otherwise train members of the defendant Stratford's Fire Department, including the defendants, the plaintiff and all other members, officers, employees and personnel of the Department regarding policies related to workplace violence, workplace rules and workplace regulations.

46.  The defendant Town of Stratford failed, refused or neglected to supervise members of the defendant Stratford's Fire Department, including the defendants, the plaintiff and all other members, officers, employees and personnel of the Department regarding policies related to workplace violence, workplace rules and workplace regulation issues.

47.  Despite having actual knowledge of workplace violence and other harassment and disparate treatment occurring in the workplace, the defendant Town of Stratford failed, refused or neglected to take any steps to prevent, address or otherwise

deter such conduct, or to take any steps to protect members of the defendant Stratford's Fire Department, including the plaintiff and all other members, officers, employees and personnel of the Department from such harm, or to assist them after such harm was brought to the attention of the defendant.

48.   The defendant Town of Stratford has incurred municipal liability for its failures as detailed above, to adequately supervise, screen, hire, train, monitor, discipline or terminate its employees, and have failed, refused or neglected to prevent the plaintiff from harm therefrom.

49.   As a direct and proximate result of the acts of the defendant, the plaintiff has suffered, continues to and will into the future suffer severe financial harm and loss, loss of employment wages, rights, duties, obligations or benefits, severe emotional distress, loss of personal and professional reputation, humiliation, embarrassment, loss of privacy, upset, anxiety, inconvenience, physical harm, loss of property, and loss of employment opportunities.

**COUNT FOUR**

1 - 43.   Paragraphs 1 through 43 of Count One are hereby made Paragraphs 1 through 43, respectively, of Count Four.

44.   The Town of Stratford has incurred liability for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 et seq, as amended and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq.

45.  As a direct and proximate result of the acts of the defendant, the plaintiff has suffered, continues to and will into the future suffer severe financial harm and loss, loss of employment wages, rights, duties, obligations or benefits, severe emotional distress, loss of personal and professional reputation, humiliation, embarrassment, loss of privacy, upset, anxiety, inconvenience, physical harm, loss of property, and loss of employment opportunities.

**COUNT FIVE**

1 - 43.  Paragraphs 1 through 43 of Count One are hereby made Paragraphs 1 through 43, respectively, of Count Five.

44.  The actions of the defendants as detailed in the foregoing paragraphs were extreme and outrageous.

45.  The actions of the defendants were intentional.

46.  The actions of the defendants were likely to cause emotional distress, and that emotional distress was severe.

47.  The actions of the defendants constitute the intentional infliction of emotional distress.

48.  As a direct and proximate result of the acts of the defendant, the plaintiff has suffered, continues to and will into the future suffer severe financial harm and loss, loss of employment wages, rights, duties, obligations or benefits, severe emotional distress, loss of personal and professional reputation, humiliation, embarrassment, loss of

privacy, upset, anxiety, inconvenience, physical harm, loss of property, and loss of

employment opportunities.


**WHEREFORE**, the plaintiff claim judgment against the defendants as follows:

    A.  Compensatory damages;

    B.  Punitive damages;

    C.  Attorney fees and the costs of this action pursuant to all applicable

provisions of state and federal law;

    D.  Equitable relief pursuant to 29 U.S.C.A.§§ 626(b) and (c), 633a(b) and

(c) and all other applicable provisions of state and federal law;

    E.  Such other relief as this Court shall consider to be fair and equitable.


## CLAIM FOR JURY TRIAL

The plaintiff claims trial by jury of all issues in this case.

THE PLAINTIFF


BY_____/s/_____
          WILLIAM S. PALMIERI
          Juris No. 409481
          Law Offices of William S. Palmieri, L.L.C.
          110 Whitney Avenue
          New Haven, CT 06510
          (203) 562-3100
          (203) 691-8753 (fax)
          wpalmieri@hotmail.com
          His Attorney